**EXHIBIT A**

# CONTRACT FOR LEGAL SERVICES

This agreement, executed in duplicate with each party receiving an executed original, is made between THE LAW OFFICE OF W. JASON GATZULIS, (hereinafter "Attorney") and Robert Hendrix, (hereinafter "Client").

Client hereby employs and appoints THE LAW OFFICE OF W. JASON GATZULIS, as Client's attorneys to represent Client in a claim or cause of action for medical negligence against certain individuals and/or institutions responsible for injuries or damages sustained by Robert Hendrix on or about the 22nd day of April 2010.

## ATTORNEY'S FEES

In accordance with the Illinois Medical Malpractice Reform Act, THE LAW OFFICE OF W. JASON GATZULIS, will receive for attorney's fees for the legal services to be provided under this agreement:

- 33⅓% of the gross recovery up to $150,000;
- 25% of the gross recovery from $150,000 to $1,000,000;
- 20% of the gross recovery in excess of $1,000,000.

Additionally, THE LAW OFFICE OF W. JASON GATZULIS, may apply to the court for approval of additional compensation if it performed extraordinary service involving more than the usual participation in time and effort.

"Gross recovery" means the total amount of compensation received (whether by settlement, arbitration award or court judgment) before any reduction for the sum of all "costs," as defined in this agreement.

If payment of all or any part of the amount to be received will be deferred (such as in the case of any annuity, a structured settlement, or periodic payments), the "total amount received," for purposes of calculating the attorney's fees, will be the initial lump sum payment plus the present value, as of the time of the settlement, final arbitration award, or final judgment, of the payments to be received thereafter. The attorney's fees will be paid out of the initial lump sum payment. If the payment is insufficient to pay the attorney's fees in full, the balance will be paid from subsequent payments of the recovery before any distribution to Client.

THE LAW OFFICE OF W. JASON GATZULIS, will divide the attorney's fees received for the legal services provided under this agreement by paying: Thomas A. Kantas a percentage of the attorney's fees received in accordance with the statutes governing medical malpractice attorneys fees. Client hereby expressly consents to the division.

If there is no recovery, THE LAW OFFICE OF W. JASON GATZULIS will receive no attorney's fees.

## REIMBURSEMENT OF COSTS

Client authorizes THE LAW OFFICE OF W. JASON GATZULIS, to incur reasonable costs in connection with the prosecution, adjustment and settlement of Client's case. THE LAW OFFICE OF W. JASON GATZULIS, will advance all costs in connection with Attorney's representation of Client under this agreement and Client agrees to reimburse THE LAW OFFICE OF W. JASON GATZULIS in the amount of the *actual costs incurred*.

Costs include, but are not limited to, the cost to obtain medical and hospital records, x-rays, court filing fees, deposition costs, court reporting services, expert fees and expenses, investigation costs, witness fees, process server fees, messenger service fees, photocopying expenses, printing costs, travel expenses, costs to create demonstrative trial exhibits, computer-assisted legal research fees, and any other related expense incurred by Attorney to provide satisfactory legal services to the Client.

Costs do not include the payment of medical expenses or any other parties' costs which Client may be obligated to pay.

## ATTORNEY'S LIEN

THE LAW OFFICE OF W. JASON GATZULIS, shall have a lien for attorney's fees and costs advanced on all claims and causes of action that are the subject of this representation of Client under this agreement and on all proceeds of any recovery obtained (whether by settlement, arbitration award, or court judgment).

## SETTLEMENT

THE LAW OFFICE OF W. JASON GATZULIS, will not settle Client's claim without the approval of Client, who will have the absolute right to accept or reject any settlement. Attorney will notify Client promptly of the terms of any settlement offer received by Attorney.

Client acknowledges that settlement funds, pursuant to Illinois Law, cannot be distributed to Client from the firm's trust account until the banking

institution where the trust account is maintained has verified that said funds have been collected. Client further acknowledges that the firm has no control over the banking institution's clearing process.

### ATTORNEY DISCHARGE

Client may discharge **THE LAW OFFICE OF W. JASON GATZULIS**, at any time by written notice effective when received by the firm. Unless specifically agreed by **THE LAW OFFICE OF W. JASON GATZULIS**, and Client, the firm will provide no further services and advance no further costs on Client's behalf after receipt of the notice. If **THE LAW OFFICE OF W. JASON GATZULIS**, is Client's attorney of record in any proceeding, Client will execute and return a substitution of attorney form immediately on its receipt from the firm. Notwithstanding the discharge, Client will be obligated to pay **THE LAW OFFICE OF W. JASON GATZULIS**, out of the recovery a reasonable attorney's fee for all services provided and to reimburse the firm out of the recovery for all costs advanced. **THE LAW OFFICE OF W. JASON GATZULIS**, expressly reserves the right to assert its retaining lien until all fees and costs due are paid in full.

### ATTORNEY WITHDRAWAL

**THE LAW OFFICE OF W. JASON GATZULIS**, may withdraw its representation of Client at any time as permitted under Illinois law. In the event **THE LAW OFFICE OF W. JASON GATZULIS**, withdraws, Client will be obligated to pay the firm out of the recovery a reasonable attorney's fee for all services provided, and to reimburse the firm for all costs advanced before the withdrawal.

### CLIENT'S PROPERTY

At the termination of services under this agreement, except where **THE LAW OFFICE OF W. JASON GATZULIS**, has asserted its retaining lien, **THE LAW OFFICE OF W. JASON GATZULIS**, will release promptly to Client on request all of Client's papers and property. "Client's papers and property" include correspondence, deposition transcripts, exhibits, experts' reports, legal documents, physical evidence, and other items reasonably necessary to Client's representation. If Client does not accept such property after termination of services under this agreement, **THE LAW OFFICE OF W. JASON GATZULIS**, is authorized to retain and or dispose of said property in the firm's sole discretion.

### DISCLAIMER

Although **THE LAW OFFICE OF W. JASON GATZULIS**, may offer an opinion about the possible results regarding the subject matter of this agreement, the firm cannot guarantee any particular result. Client acknowledges that **THE LAW OFFICE OF W. JASON GATZULIS** has made no promises about the outcome and that any opinion offered by the firm in the future will not constitute a guaranty.

### ENTIRE AGREEMENT

This agreement contains the entire agreement of the parties. No other agreement, statement, or promise made on or before the effective date of this agreement will be binding on the parties.

### SEVERABILITY

If any provision of this agreement is held in whole or in part to be unenforceable for any reason, the remainder of the agreement will remain in effect.

### MODIFICATION

This agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by both **THE LAW OFFICE OF W. JASON GATZULIS**, and Client.

### TIME OF EFFECT

This agreement will be effective when signed by all parties hereto. The undersigned have read this agreement in full and consent to be bound by the terms therein.

**THE LAW OFFICE OF W. JASON GATZULIS**

By: _[signature]_

Date: 10/30/10

CLIENT:

_[signature] Robert A. Henderson_

Date: 30 Oct 2010

2

**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| ROBERT A. HENDRIX, | ) | Case No. 12-03799 |
| | ) | |
| Debtors. | ) | Honorable Timothy A. Barnes |
| | ) | |
| | ) | Hearing Date: June 24, 2014 |
| | ) | Hearing Time: 10:00 a.m. |

### VERIFIED STATEMENT OF W. JASON GATZULIS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014(a) IN SUPPORT OF APPLICATION OF THE TRUSTEE

W. Jason Gatzulis, pursuant to 28 U.S.C. § 1746, hereby deposes and states, under penalty of perjury, as follows:

1. I am an attorney duly licensed and authorized to practice law in the State of Illinois.

2. I am a partner of the Law Offices of W. Jason Gatzulis, 161 North Clark Street, Suite 2240, Chicago, IL 60601. In that capacity, I am authorized to submit this affidavit in support of the application of Ira Bodenstein, not individually, but as chapter 7 trustee (the "Trustee") for the referenced Debtor, for authority to employ me and the Firm as special counsel in this chapter 7 case (the "Application").

3. The Firm is counsel for the Debtor pursuant to the terms of a contingent fee agreement in connection with a medical negligence claim for damages as set forth in the Application.

4. To the best of my knowledge, information and belief, I am a "disinterested person" within the scope of 11 U.S.C. § 101(14) and as required pursuant to 11 U.S.C. § 327(e). Neither I, nor any member of the Firm, have any connections with the Debtor, their creditors or

{10036-001 AFF A0376715.DOC}

any other party in interest herein, except for our representation of the Debtor in connection with the Claim. We neither hold nor represent any adverse interest in connection with the matter on which we are to be employed.

5. The Firm and I understand that any and all compensation for legal services rendered herein on behalf of the Trustee shall be subject to further Bankruptcy Court approval, on application and after notice and a hearing, and the sole source of such compensation shall be funds realized through the prosecution or settlement of the Claim.

6. No party in interest, including the Trustee, has agreed to compensate the Firm or me for either legal services rendered or expenses incurred in connection with the Claim.

7. The Firm and I have not entered into any agreement to share such compensation as may be awarded herein except as permitted under 11 U.S.C. § 504(b) or the laws of the State of Illinois, as set forth in the Application.

I state under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed at Chicago, Illinois on this 9th day of June, 2014.

_____
W. Jason Gatzulis